IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 8:15CV43 |
| vs. | ORDER FOR PROGRESSION OF FORFEITURE CASE |
| **$15,480.00 IN UNITED STATES CURRENCY,** | |
| Defendant, | |
| **ERIC NORRIE,** | |
| Claimant. | |

This matter is before the court on the plaintiff's Motion to Lift Stay and Issue New Progression Order (Filing No. 29). For good cause shown,

**IT IS ORDERED:** The plaintiff's Motion to Lift Stay and Issue New Progression Order (Filing No. 29) is granted. The previously ordered stay of progression is lifted. In order to prepare this case for trial, the parties (parties includes claimants) shall abide by the following.

1. **Authorization and Sequence of Discovery.** The parties may now commence discovery. That discovery required to prepare the case for **mediation** or other settlement negotiations and that discovery required to prepare the case for possible summary judgment disposition shall be conducted before other discovery.

2. **Mediation.** If mediation has not heretofore been conducted, the court expects them to mediate their dispute if they have not already done so, and may order them to participate in settlement discussions, in the presence of the judge if appropriate. The parties shall notify the assigned magistrate judge by joint or separate letters by **January 17, 2017**, addressing the following:

   a. That they are aware of the court's expectations respecting mediation;
   b. That they have hired a mediator and the name of the mediator hired;
   c. The date of their scheduled mediation;
   d. Their joint, or if necessary, separate views on whether the progression of the case should be stayed pending the outcome of their mediation;
   e. If no mediator has been hired by that time, an estimate of when a mediator can be hired and a mediation held;

  f. If a mediation previously has been held, the identity of the mediator, the date of the mediation, and their views as to whether another mediation at this time might be successful in resolving the dispute;
  g. Whether the parties object to mediation and if so, what the objections are; and
  h. If the parties have not discussed mediation, what settlement efforts have been undertaken and what actions are planned for the future, together with the timing of such anticipated actions.

  If parties do not have the funds immediately available to pay a mediator's fees, the court's Plan for Administration of the Federal Practice Fund and the Mediation Plan (both available at www.ned.uscourts.gov) make the Federal Practice Fund available to advance such fees; if the case ends with any payment of money to that party, the Federal Practice Fund must be reimbursed.

  3. **Mandatory Disclosures**.  Although this is an action in rem, the parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(1)(i) and (ii) by **December 12, 2016**.  The parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(2) **January 20, 2017**.  The parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(3) by **February 24, 2017**.

  4. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1.  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served.  **Note:  Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

  5. **Withholding Documents from Disclosure or Discovery.**  If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

  6. **Limits on Discovery.**  Each party is limited to serving **twenty-five (25)** interrogatories on any other party.  The plaintiffs as a group, and the claimants as a group, are each limited to taking **ten (10)** depositions in this case, without leave of court.

  7. **Motions for Summary Judgment.**  All motions to dismiss or for summary judgment shall be filed not later than **January 27, 2017**.  **See** NECivR 56.1 and 7.1.

8. **Adding Parties; Amending Pleadings.** Any motion to amend pleadings and/or add parties shall be filed **not later than January 20, 2017**.

9. In lieu of a final pretrial conference, counsel and any pro se parties shall prepare a proposed final pretrial conference order in accordance with NECivR 16.2 and submit it to the assigned magistrate judge by **March 31, 2017**. In the event the court requires additional information or a conference with counsel and any pro se parties, the court will arrange a telephone conference after receipt of the proposed final pretrial conference order.

10. Trial is tentatively scheduled for one trial day the week of **April 17, 2017**. A specific trial date will be set by the court at the time of the filing of the final pretrial conference order.

11. **Motions to alter dates.** All requests for changes of deadlines established by this order shall be directed to the assigned magistrate judge by appropriate motion.

Dated this 9th day of November, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge